## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEVEN HUNTER,                       )
                                     )
            Plaintiff,               )
                                     )      Civil Action No. 24-3009 (UNA)
v.                                   )
                                     )
FEDERAL BUREAU OF PRISONS,           )
                                     )
            Defendant.               )

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the court on review of Steven Hunter's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the application to proceed *in forma pauperis* and, for the reasons discussed below, will dismiss this case for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

Mr. Hunter requests a writ of mandamus to compel the FBI to "provide information under the [Freedom of Information Act]," which the agency has allegedly refused to release. *See* ECF No. 1 at 1. He does not provide any other information. *See generally id.*

Mr. Hunter is not entitled to mandamus relief. The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). A plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *Id.* (citation omitted). Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff" is mandamus relief granted. *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014). Mr. Hunter addresses none of these elements, and thus fails to meet his burden. Furthermore,

1

because Mr. Hunter has an "adequate[,] alternate" remedy through the Freedom of Information Act ("FOIA"), he may not seek parallel relief under the federal mandamus statute.  *See In re Flynn*, 973 F.3d 74, 79 (D.C. Cir. 2020).

Additionally, this court's FOIA jurisdiction extends to claims arising from an agency's improper withholding of records requested in accordance with agency rules.  *See* 5 U.S.C. §§ 552(a)(3)(A), (a)(4)(B)(1); *Marcusse v. U.S. Dep't of Just. Off. of Info. Pol'y*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (An "agency's disclosure obligations are triggered by its receipt of a request that 'reasonably describes [the requested] records' and 'is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed.'" (quoting 5 U.S.C. § 552(a)(3)(A))).  Mr. Hunter's complaint does not describe the FOIA request that he submitted to the FBI, if any, and is silent as to the materials sought, the date that any request was submitted, and the manner in which it was submitted.  Mr. Hunter neither references a FOIA request number nor provides any other illuminating information, such as a copy of the actual request.

For these reasons, Mr. Hunter has failed to state a claim and this matter is dismissed without prejudice.  A separate order accompanies this Memorandum Opinion.

_____
LOREN L. ALIKHAN
United States District Judge

Date:    December 16, 2024

2